# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEEBLE DONALE WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-11-02-FHS |
| ) | |
| CASINO CHERKOEE NATION, ) | |
| ) | |
| Defendants.) | |

**ORDER**

Plaintiff, Keeble Walker, moved the Court for leave to proceed *in forma pauperis* on his civil rights complaint against the above-named Defendant. On January 4, 2011, this court granted plaintiff's motion to proceed *in forma pauperis*.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke 490 U.S. at 324. Moreover, as federal courts are ones of limited jurisdiction, it is incumbent upon a federal district court to review a Plaintiff's complaint at the earliest possible stage to determine whether it has subject matter

1

jurisdiction.  See Laughlin v. KMART Corp., 50 F.3d 871, 873 (10th Cir. 1995).  In this connection, a complaint will be deemed "frivolous" under section 1915(e)(2) when a district court clearly lacks subject matter jurisdiction to consider the allegations of the complaint.  Fuentes v. Tilles, 2009 WL 1043872 (D. Conn.) and Burkett v. Scammehorne, 2010 WL 4457383 (D. Kan.).

In his civil rights complaint, Plaintiff alleges that a security guard at a local casino said something to him and he experienced a "code gray" at the casino.  There are multiple problems with Plaintiff's complaint.  First, the only party he identifies is a security guard.  Second, when asked to write down the basis for jurisdiction Plaintiff writes "District One Muskogee, Oklahoma.".  When asked about the nature of his case he writes "lying combative code gray". For his cause of action, he claims that a female casino worker falsely accused him of something and that she said words to him which humiliated him in front of everyone.  When asked for supporting facts he just states that the other customers were a witness to this "code gray."

The Court concludes these allegations, as well as the balance of the allegations contained in Plaintiff's complaint, authorize the Court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  The complaint is devoid of any facts establishing a civil rights claim.  The facts do not represent any recognizable legal theory of recovery.  Plaintiff's complaint is nothing more than an incoherent summary of an incident at a local casino. Consequently, the Court is compelled to dismiss this action as frivolous.

Based on the foregoing reasons, the Court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. §

1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

**IT IS SO ORDERED** this 6th day of January 2011.

Frank H. Seay
United States District Judge